UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CODY'S TREE SERVICE, LLC,         No. 2:09-cv-01241-MCE-JFM

    Plaintiff,

  v.                                <u>PRETRIAL SCHEDULING ORDER</u>

TYLER SCHERFFIUS, et al.,

    Defendants.
_____/

    After reviewing the parties' Joint Status Report, the Court makes the following Pretrial Scheduling Order.

    I.   <u>SERVICE OF PROCESS</u>

    All named Defendants have been served and no further service is permitted without leave of court, good cause having been shown.

    II.  <u>ADDITIONAL PARTIES/AMENDMENTS/PLEADINGS</u>

    No joinder of parties or amendments to pleadings is permitted without leave of court, good cause having been shown.

    III. <u>JURISDICTION/VENUE</u>

    Jurisdiction is predicated upon 28 U.S.C. § 1332. Jurisdiction and venue are not contested.

1   IV.   DISCOVERY

2   All discovery, with the exception of expert discovery, shall
3   be completed by **September 2, 2011**.  In this context, "completed"
4   means that all discovery shall have been conducted so that all
5   depositions have been taken and any disputes relative to
6   discovery shall have been resolved by appropriate order if
7   necessary and, where discovery has been ordered, the order has
8   been obeyed.  All motions to compel discovery must be noticed on
9   the magistrate judge's calendar in accordance with the local
10  rules of this Court.

11  V.    DISCLOSURE OF EXPERT WITNESSES

12  All counsel are to designate in writing, file with the
13  Court, and serve upon all other parties the name, address, and
14  area of expertise of each expert that they propose to tender at
15  trial not later than **November 2, 2011**.[1]  The designation shall be
16  accompanied by a written report prepared and signed by the
17  witness.  The report shall comply with Fed. R. Civ. P.
18  26(a)(2)(B).

19  Within twenty (20) days after the designation of expert
20  witnesses, any party may designate a supplemental list of expert
21  witnesses who will express an opinion on a subject covered by an
22  expert designated by an adverse party.

23  ///
24  ///
25  ///

---

[1] The discovery of experts will include whether any motions based on <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993) and/or <u>Kumho Tire Co. v. Carmichael</u>, 119 S. Ct. 1167 (1999) are anticipated.

2

The right to designate a supplemental expert for rebuttal purposes only shall apply to a party who has not previously disclosed an expert witness on the date set for expert witness disclosure by this Pretrial Scheduling Order.

Failure of a party to comply with the disclosure schedule as set forth above in all likelihood will preclude that party from calling the expert witness at the time of trial. An expert witness not appearing on the designation will not be permitted to testify unless the party offering the witness demonstrates: (a) that the necessity for the witness could not have been reasonably anticipated at the time the list was proffered; (b) that the Court and opposing counsel were promptly notified upon discovery of the witness; and (c) that the witness was promptly made available for deposition.

For purposes of this Pretrial Scheduling Order, an "expert" is any person who my be used at trial to present evidence under Rules 702, 703, and 705 of the Federal Rules of Evidence, which include both "percipient experts" (persons who, because of their expertise, have rendered expert opinions in the normal course of their work duties or observations pertinent to the issues in the case) and "retained experts" (persons specifically designated by a party to be a testifying expert for the purposes of litigation).

Each party shall identify whether a disclosed expert is percipient, retained, or both. It will be assumed that a party designating a retained expert has acquired the express permission of the witness to be so listed.

///

1  Parties designating percipient experts must state in the
2  designation who is responsible for arranging the deposition of
3  such persons.
4      All experts designated are to be fully prepared at the time
5  of designation to render an informed opinion, and give their
6  bases for their opinion, so that they will be able to give full
7  and complete testimony at any deposition taken by the opposing
8  party.  Experts will not be permitted to testify at the trial as
9  to any information gathered or evaluated, or opinion formed,
10 after deposition taken subsequent to designation.
11     Counsel are instructed to complete all discovery of expert
12 witnesses in a timely manner in order to comply with the Court's
13 deadline for filing dispositive motions.
14     VI.   MOTION HEARING SCHEDULE
15     All dispositive motions, except motions for continuances,
16 temporary restraining orders or other emergency applications,
17 shall be heard no later than **January 2, 2012**.  The parties are
18 responsible for ensuring that all motions are filed to allow for
19 proper notice of the hearing under the Federal Rules of Civil
20 Procedure and/or Local Rules.  Available hearing dates may be
21 obtained by calling Stephanie Deutsch, Courtroom Deputy Clerk, at
22 (916) 930-4207.
23     All purely legal issues are to be resolved by timely
24 pretrial motions.  Local Rule 78-230 governs the calendaring and
25 procedures of civil motions with the following additions:
26          (a)   The opposition and reply must be filed by
27                **4:00 p.m.** on the day due; and
28 ///

4

         (b)    When the last day for filing an opposition brief falls on a legal holiday, the opposition brief shall be filed on the last court day immediately preceding the legal holiday.

Failure to comply with Local Rule 78-230(c), as modified by this Order, may be deemed consent to the motion and the Court may dispose of the motion summarily.  Further, failure to timely oppose a summary judgment motion[2] may result in the granting of that motion if the movant shifts the burden to the nonmovant to demonstrate that a genuine issue of material fact remains for trial.

The Court places a page limit of twenty (20) pages on all initial moving papers, twenty (20) pages on oppositions, and ten (10) pages for replies.  All requests for page limit increases must be made in writing to the Court setting forth any and all reasons for any increase in page limit at least fourteen (14) days prior to the filing of the motion.

For the Court's convenience, citations to Supreme Court cases should include parallel citations to the Supreme Court Reporter.

The parties are reminded that a motion <u>in limine</u> is a pretrial procedural device designed to address the admissibility of evidence.  The Court will look with disfavor upon dispositional motions presented at the Final Pretrial Conference or at trial in the guise of motions <u>in limine</u>.

---

[2] The Court urges any party that contemplates bringing a motion for summary judgment or who must oppose a motion for summary judgment to review Local Rule 56-260.

The parties are cautioned that failure to raise a dispositive legal issue that could have been tendered to the court by proper pretrial motion prior to the dispositive motion cut-off date may constitute waiver of such issue.

VII. <u>FINAL PRETRIAL CONFERENCE</u>

The Final Pretrial Conference is set for **May 24, 2012** at **2:00 p.m.** At least one of the attorneys who will conduct the trial for each of the parties shall attend the Final Pretrial Conference. If by reason of illness or other unavoidable circumstance a trial attorney is unable to attend, the attorney who attends in place of the trial attorney shall have equal familiarity with the case and equal authorization to make commitments on behalf of the client.

Counsel for all parties are to be fully prepared for trial at the time of the Final Pretrial Conference, with no matters remaining to be accomplished except production of witnesses for oral testimony.

The parties shall file, not later than **May 3, 2012**, a Joint Final Pretrial Conference Statement. The provisions of Local Rules 16-281 shall apply with respect to the matters to be included in the Joint Final Pretrial Conference Statement. In addition to those subjects listed in Local Rule 16-281(b), the parties are to provide the Court with a plain, concise statement that identifies every non-discovery motion tendered to the Court and its resolution. Failure to comply with Local Rule 16-281, as modified by this Pretrial Scheduling Order, may be grounds for sanctions.

///

6

1    At the time of filing the Joint Final Pretrial Conference
2 Statement, counsel shall also electronically mail to the Court in
3 digital format compatible with Microsoft Word or WordPerfect, the
4 Joint Final Pretrial Conference Statement in its entirety
5 including the witness and exhibit lists.  **These documents shall**
6 **be sent to: mceorders@caed.uscourts.gov.**
7    The parties should identify first the core undisputed facts
8 relevant to all claims.  The parties should then, in a concise
9 manner, identify those undisputed core facts that are relevant to
10 each claim.  The disputed facts should be identified in the same
11 manner.  Where the parties are unable to agree as to what
12 disputed facts are properly before the Court for trial, they
13 should nevertheless list all disputed facts asserted by each
14 party.  Each disputed fact or undisputed fact should be
15 separately numbered or lettered.
16    Each party shall identify and concisely list each disputed
17 evidentiary issue which will be the subject of a motion in
18 limine.
19    Each party shall identify the points of law which concisely
20 describe the legal issues of the trial which will be discussed in
21 the parties' respective trial briefs.  Points of law should
22 reflect issues derived from the core undisputed and disputed
23 facts.  Parties shall not include argument or authorities with
24 any point of law.
25    The parties shall prepare a joint statement of the case in
26 plain concise language which will be read to the jury at the
27 beginning of the trial.  The purpose of the joint statement is to
28 inform the jury what the case is about.

1   The parties are reminded that pursuant to Local Rule 16-281
2 they are required to list in the Joint Final Pretrial Conference
3 Statement all witnesses and exhibits they propose to offer at
4 trial.  After the name of each witness, each party shall provide
5 a brief statement of the nature of the testimony to be proffered.
6 The parties may file a joint list or each party may file separate
7 lists.  These list(s) shall not be contained in the body of the
8 Joint Final Pretrial Conference Statement itself, but shall be
9 attached as separate documents to be used as addenda to the Final
10 Pretrial Order.

11   Plaintiff's exhibits shall be listed numerically.
12 Defendants' exhibits shall be listed alphabetically.  The parties
13 shall use the standard exhibit stickers provided by the Court
14 Clerk's Office: pink for Plaintiff and blue for Defendant.  In
15 the event that the alphabet is exhausted, the exhibits shall be
16 marked "AA-ZZ" and "AAA-ZZZ" etc.  After three letters, note the
17 number of letters in parenthesis (i.e., "AAAA(4)") to reduce
18 confusion at trial.  All multi-page exhibits shall be stapled or
19 otherwise fastened together and each page within the exhibit
20 shall be numbered.  All photographs shall be marked individually.
21 The list of exhibits shall not include excerpts of depositions,
22 which may be used to impeach witnesses.  In the event that
23 Plaintiff and Defendants' offer the same exhibit during trial,
24 that exhibit shall be referred to by the designation the exhibit
25 is <u>first</u> <u>identified</u>.  The Court cautions the parties to pay
26 attention to this detail so that all concerned, including the
27 jury, will not be confused by one exhibit being identified with
28 both a number and a letter.

1  The Final Pretrial Order will contain a stringent standard
2 for the offering at trial of witnesses and exhibits not listed in
3 the Final Pretrial Order, and the parties are cautioned that the
4 standard will be strictly applied.  On the other hand, the
5 listing of exhibits or witnesses that a party does not intend to
6 offer will be viewed as an abuse of the court's processes.

7  The parties also are reminded that pursuant to Rule 16 of
8 the Federal Rules of Civil Procedure it will be their duty at the
9 Final Pretrial Conference to aid the Court in: (a) the
10 formulation and simplification of issues and the elimination of
11 frivolous claims or defenses; (b) the settling of facts that
12 should properly be admitted; and (c) the avoidance of unnecessary
13 proof and cumulative evidence.  Counsel must cooperatively
14 prepare the Joint Final Pretrial Conference Statement and
15 participate in good faith at the Final Pretrial Conference with
16 these aims in mind.  A failure to do so may result in the
17 imposition of sanctions which may include monetary sanctions,
18 orders precluding proof, elimination of claims or defenses, or
19 such other sanctions as the Court deems appropriate.

20  VIII.  <u>TRIAL BRIEFS</u>

21  The parties shall file trial briefs not later than **May 10,**
22 **2012** by **4:00 p.m.**  Counsel are directed to Local Rule 16-285
23 regarding the content of trial briefs.

24  IX.  <u>EVIDENTIARY AND/OR PROCEDURAL MOTIONS</u>

25  Any evidentiary or procedural motions are to be filed by
26 **May 3, 2012.**  Oppositions must be filed by **May 10, 2012** and any
27 reply must be filed by **May 17, 2012**.  The motions will be heard
28 by the Court at the same time as the Final Pretrial Conference.

9

1     X.   TRIAL SETTING

2     The trial is set for **July 23, 2012 at 9:00 a.m.** Trial will
3 be by jury. The panel will consist of **eight (8) jurors**. The
4 parties estimate a trial length of **five (5) days**.

5     XI.   SETTLEMENT CONFERENCE

6     At the Final Pretrial Conference, the Court may set a
7 settlement conference if the parties so request. In the event no
8 settlement conference is requested, the parties are free to
9 continue to mediate or attempt to settle the case with the
10 understanding that the trial date is a firm date.

11     In the event a settlement conference is set by the Court,
12 counsel are instructed to have a principal with full settlement
13 authority present at the Settlement Conference or to be fully
14 authorized to settle the matter on any terms. At least seven (7)
15 calendar days before the settlement conference, counsel for each
16 party shall submit to the chambers of the settlement judge a
17 confidential Settlement Conference Statement. Such statements
18 are neither to be filed with the Clerk nor served on opposing
19 counsel. Each party, however, shall serve notice on all other
20 parties that the statement has been submitted. If the settlement
21 judge is not the trial judge, the Settlement Conference Statement
22 shall not be disclosed to the trial judge.

23     Notwithstanding the foregoing, the parties may request a
24 settlement conference prior to the Final Pretrial Conference if
25 they feel it would lead to the possible resolution of the case.
26 In the event an early settlement conference date is requested,
27 the parties shall file said request jointly, in writing.
28 ///

1  The request must state whether the parties waive
2  disqualification, pursuant to Local Rule 16-270(b), before a
3  settlement judge can be assigned to the case.  Absent the
4  parties' affirmatively requesting that the assigned Judge or
5  Magistrate Judge participate in the settlement conference AND
6  waiver, pursuant to Local Rule 16-270(b), a settlement judge will
7  be randomly assigned to the case.
8         XII.    MODIFICATION OF PRETRIAL SCHEDULING ORDER
9         The parties are reminded that pursuant to Rule 16(b) of the
10 Federal Rules of Civil Procedure, the Pretrial Scheduling Order
11 shall not be modified except by leave of court upon a showing of
12 **good cause**.  Agreement by the parties pursuant to stipulation
13 alone to modify the Pretrial Scheduling Order does not constitute
14 good cause.  Except in extraordinary circumstances,
15 unavailability of witnesses or counsel will not constitute good
16 cause.
17        XIII.    OBJECTIONS TO PRETRIAL SCHEDULING ORDER
18        This Pretrial Scheduling Order will become final without
19 further order of the Court unless objections are filed within
20 seven (7) *court* days of service of this Order.
21        IT IS SO ORDERED.
22
   Dated: November 25, 2009
23
24                             _____
25                             MORRISON C. ENGLAND, JR.
                               UNITED STATES DISTRICT JUDGE
26
27
28

11